# WILLIAMS v STATE OF FLORIDA

Case No. 87-189 AC (Lower Court Case No. 87-55353)

Eleventh Judicial Circuit, Dade County

June 29, 1990

## APPEARANCES OF COUNSEL

**Reisman & Bryn,** P.A., and **Amado Alan Alvarez, Esquire,** for appellant.

**Robert Butterworth,** Attorney General, for appellee.

Before NADLER, SALMON, LEVINE, JJ.

## OPINION OF THE COURT

LEVINE, J.

Appellant was found guilty of violating Dade County Code, Section 5-6, which provides in pertinent part:

> no responsible party owning or having possession, charge, custody, or control of any dog shall cause or permit or allow the dog to stray, run, be, go or in any other manner to be at large in or upon any public street, sidewalk or park or on private property of others

without the express or implied consent of the owner of such property.

The term "responsible party" is defined in Dade County Code, Section 5-3(1) to include "any person, persons, firms, corporations or association owning, harboring, keeping or controlling a dog or dogs within the county."

The evidence presented to the trial court indicated that a large dog was observed by an animal services officer loose in a neighborhood. The officer followed the dog to appellant's residence. The officer knocked on the door of the residence, and when appellant answered the door, the dog ran inside. There was no evidence suggesting that the appellant called to the dog or opened the door for any purpose other than to respond to the officer's knock. The officer asked the appellant if the dog was his, and appellant responded "yes". However, appellant further explained, when told he would receive a citation, that the dog actually was owned by his daughter, and he just lived in the house. There was no question before the trial court that this information was correct.

The plain definitions and language of the relevant Code sections do not impose strict liability on a mere resident of a home. There must be a showing that the resident is also in some way responsible for the care and control of the dog. No such evidence was presented to the trial court. Accordingly, the finding of guilt is hereby

REVERSED with instructions that the appellant be discharged.

NADLER and SALMON, JJ., concur.